## ALLEN GILMAN *vs.* AMASA STETSON.

Where the rights of third persons, claiming under the execution debtor, will not be affected thereby, the Court will permit the officer to amend his return of an extent on land, by stating by whom the appraisers were in fact chosen, thereby correcting an error, although after a lapse of nearly twenty years.

Where the petitioner for partition alleges seizin in himself, and the respondent claims to be sole seized, the affirmative is on the petitioner to show his interest in the estate.

Where judgment has been rendered for the land demanded in favor of the demandant, by a court of competent jurisdiction, and he has made an actual entry, his title and seizin is thereby established, although no writ of possession has been issued.

But in an action for the recovery of lands, in which betterments were claimed under *stat.* 1831, *c.* 47, where a verdict had been returned for the demandant, and the value of the land and of the improvements had been found by it; and where the demandant did not abandon or pay for the improvements within one year from the rendition of the judgment, and had not paid the costs of the tenant; the demandant is not entitled to his writ of possession, and cannot maintain a new action, or lawfully enter into possession by virtue of such judgment.

The *stat.* of 1821, *c.* 62, *sec*, 5, has reference only to an entry without judgment of law.

Yet the tenant may waive his right to retain the land for the payment of his improvements, and leave the effect of the judgment unimpaired.

THIS was a petition for partition, filed at *Oct. Term*, 1835, wherein the petitioner alleges, that he is seized of an undivided fourth part of a piece of land in *Bangor.* The respondent claimed to be sole seized. The whole evidence in the case at the trial before EMERY J. appears in the report, the conclusion of which is as follows. "Upon the foregoing evidence, a verdict was returned in favor of the petitioner, subject to the opinion of the full Court, and to be altered or amended, or a nonsuit entered, agreeably to that opinion." The respondent claimed one eighth part of the premises under a title derived from the extent of an execution thereon in favor of *Zadok French*, against *Robert Lapish, Oct.* 16, 1819. The petitioner objected, that nothing passed by this extent, because the return of the officer shew, that the creditor chose two of the appraisers. That part of the return was thus expressed. "The said *Wiggins Hill* being chosen by the creditor, and the

said *Joseph Leavitt* being chosen by the creditor, and the said *William Bruce* being appointed by myself." The officer made affidavit, that *Leavitt* was in fact chosen by the debtor, and that its appearing otherwise, arose from a mere mistake of his which he wished to correct. The petitioner made no title under *Lapish*, nor did it appear that any claim was made to this part of the land by any one under *Lapish*, except under that extent. The Judge ruled, that the objection was well taken, whereupon the respondent moved for leave for the officer to amend his return by stating that *Leavitt* was chosen by the debtor, but the Judge declined to grant the amendment. The facts in relation to the betterments, as well as in relation to the title of the respondent to a portion of the premises under a sale to him by the administrator of the estate of *Zadok French*, to which the petitioner objected for alleged informalities, sufficiently appear in the opinion of the Court.

*E. Brown* and *F. H. Allen* argued for the respondent. That this was a mere clerical error, and might be amended, as the rights of third persons had not intervened. *Buck* v. *Hardy*, 6 *Greenl.* 162; *Howard* v. *Turner*, *ib.* 106; *Litchfield* v. *Cudworth*, 15 *Pick.* 23. That the amendment might well be permitted also because the petitioner does not claim under *Lapish*, but sets up an independent title, and cannot object. That the petitioner claiming under *Harlow* had no title. *Harlow* v. *Fvench*, 9 *Mass. R.* 192. That the judgments establishing the title of the respondent and *French* and *Lapish* gave them a seizin without executing their writs of possession. *McNeal* v. *Bright*, 4 *Mass. R.* 282; *Gilbert* v. *Bell*, 15 *Mass. R.* 44. That the possession was voluntarily surrendered up by the petitioner, and no writ of possession was therefore necessary. That the sale by the administrator of *French* was good, and if not, the petitioner, a mere stranger, cannot object to any informalities. *Knox* v. *Jenks*, 7 *Mass. R*, 488; *Gray* v. *Gardner*, 3 *Mass. R.* 399; *Colman* v. *Anderson*, 10 *Mass. R.* 105; *Perkins* v. *Fairfield*, 11 *Mass. R.* 227; *McLellan* v. *Whitney*, 15 *Mass. R.* 137; *Watkins* v. *Green*, 7 *Wheat.* 27.

*Rogers* argued for the petitioner, and cited *stat.* 1821, *c.* 47; *Means* v. *Osgood*, 7 *Greenl.* 146; *Coburn* v. *Ansart*, 3 *Mass. R.* 319; *Ladd* v. *Blunt*, 4 *Mass. R.* 402; *Prescott* v. *Pettee*, 3 *Pick.* 331.

The opinion of the Court was drawn up by

WESTON C. J. — The return of the officer, who caused the levy to be made on the execution, which issued on the judgment, *French* v. *Lapish*, that two of the appraisers named were chosen by the creditor, there is much reason to believe must have been made by mistake. The officer could not but know that the creditor was not authorized to choose two of the appraisers. The petitioner has not connected himself with the title of *Lapish*, nor does it appear that the title of any third party claiming under him, is to be affected. And we are of opinion, that it would not be an improper exercise of discretion on the part of the Court, to allow the proposed amendment to be made ; and it is accordingly allowed.

The affirmative is on the petitioner to show, that he has an interest in the estate, of which he prays partition. He derives title from *Nathaniel Harlow*. The petitioner has however been unable to sustain that title at law. It appears, that the title of *Stetson*, *Lapish* and *French*, derived from the commonwealth of *Massachusetts*, has prevailed in the Circuit Court of the *United States*, and in this Court, by direct adjudications against the petitioner, the whole of which, taken together, cover the entire property in controversy. The judgments in favor of *Stetson* and *French*, have been consummated by actual entry, which is sufficient, even without writs of possession. *McNeal* v. *Bright & al.*, 4 *Mass. R.* 300. And the title of the respondent to three quarters under these judgments, is not controverted, the petitioner claiming to be seized only of one fourth.

After the judgment in favor of *Lapish*, the right of the petitioner must depend on the fact, that the increased value of the premises, demanded by *Lapish*, found by the jury in favor of the petitioner, has not been paid, either by *Lapish*, or any one claiming under him. The demandant did not elect to abandon the premises to the petitioner, and could not therefore entitle himself to a writ of possession, unless he had paid within one year from the rendition of judgment, the sum awarded to the petitioner. *Stat.* of 1821, *c.* 47, *sec.* 1. Nor could he without violating the same statute, maintain a new action for the premises. And we think it is deducible, by fair implication, that the demandant could not lawfully enter, without such payment. Nor does it appear to us that this implica-

tion is removed by the remedy afforded by the statute of 1821, *c.* 62, *sec.* 5, which has reference manifestly to an entry, without judgment of law.

The balance due the petitioner over the amount of the bill of cost, recovered by *Lapish* against him, was short of ten dollars; and it would seem, from the testimony of *Mr. McGaw*, that the petitioner abandoned and gave up the premises, leaving the small balance to be liquidated by *French*, who had the title of *Lapish*, upon the assurance of *McGaw*, that *French* would pay it.   If such is the fact, the petitioner waived his right to retain the premises, for the non-payment of the increased value, and surrendered it up, upon the judgment against him.   But this fact is controverted; and some opposing testimony was introduced at the trial.   It does not appear, that the jury have passed upon this fact, which is a question peculiarly for them ; and we set aside the verdict, and grant a new trial, that it may be settled.

As to the title of the respondent to the part in controversy, the decision of this cause does not require, that it should be determined, if the petitioner has failed to prove any remaining interest in himself.   We are of opinion however, that whatever right *French* had, passed to the respondent, under the sale made by the administrator.   That was made in virtue of a license duly obtained.   It would not have the effect to deprive the petitioner of any right, resulting to him from the failure of payment of the increased value awarded to him, which is left in full force, the sale notwithstanding.   But if the petitioner has waived, abandoned and surrendered that right, we are aware of no reason, why he should be received to question the regularity of that sale, to which he was a stranger.